## Case No. 4,664.

FARMERS' LOAN & TRUST CO. v. CENTRAL RAILROAD OF IOWA.

[4 Dill. 546;[1] 5 Cent. Law J. 258.]

Circuit Court, D. Iowa. Aug. 31, 1877.

Mr. Grant, Mr. Turner, and Mr. Cole, for plaintiff trustee.

Mr. Cowdrey, contra.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. We have considered the exceptions of Mr. Cowdrey and

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

others to the master's report of sale, and are of opinion that they must be disallowed.

The plaintiff, notwithstanding the pending appeal, has a right to execute the decree—the supersedeas having been vacated. It was incidental to this right, which remains in this court, to make the order substituting "The Public" in the place of "The Financier" —more especially as the evidence produced before me when the order was made, showed the two newspapers to be the same—the change being one of name only. At all events, the object of the notice was publicity, and the rquirements of the decree in this respect have been substantially complied with.

The other exceptions are based upon supposed errors in the decree. But while that decree remains unreversed, it must be accepted and treated by this court as correct. The master, in making the sale, has followed the decree. The exceptions to his report are overruled, and the motion to confirm the sale is granted, and the master is directed to execute a deed to the trustee, pursuant to the terms of the decree.

### Same Case.

DILLON, Circuit Judge. The several motions to order the property to be conveyed by the trustee to one or other of three new rival companies, must be denied, for the reason that, under the decree and the deed of trust, no evidence is before us "that the holders of a majority of the outstanding bonds secured by the first mortgage have, in writing, requested or directed," or assented to the articles of incorporation of either of said new companies. This written request or assent on the part of the present holders of said bonds to the articles of incorporation is expressly required by the deed of trust, and it is not changed by the decree. The decree and the deed of trust must be construed together. This written request or assent must be produced either to the trustee or to this court or to the master, before either the trustee or the court is authorized to convey the premises to the new corporation. Such is the express requirement of the deed of trust. If the parties desire, we will appoint the master to act in this matter in the place of the trustee, and direct him to proceed without delay to ascertain whether a majority of the present holders of bonds have assented or shall assent in writing to the articles of incorporation. When that fact is reported to us, we will direct the trustee to convey the premises to it.

It is for the bondholders, and not the court, to determine what corporation or company is or shall be entitled to the property.

We see no substantial objection to the scheme proposed in the order submitted to us providing for the receiver's debts, but as this is dependent upon a conveyance to the new company, no absolute order in this respect can be entered at this time. We

mention this now, so that the creditors and bondholders may be apprised of our views.

### Same Case.

DILLON, Circuit Judge. We allow an appeal as prayed by Mr. Cowdrey et al., from the order confirming the sale, but are of opinion that this order cannot be superseded at this late day (the main decree of October, 1875, not being superseded), so as to prevent the master's deed from being executed and delivered.